# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **SONIC INDUSTRY, LLC**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13 C 9251 |
| | ) |
| **iROBOT CORPORATION**, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Counsel for plaintiff Sonic Industry, LLC ("Sonic") has belatedly complied with this District Court's LR 5.2(f) by delivering a copy of its patent infringement Complaint to this Court's chambers.[1] This Court's prompt examination of the Complaint has triggered this memorandum order -- like the order referred to in n.1, another sua sponte work product.

Before Congress amended the general venue provision of 28 U.S.C. § 1391(c)[2] by creating a more generous definition of corporate residence, the Supreme Court had held that Section 1400(b) was the exclusive provision controlling venue in patent infringement proceedings (see Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 225 (1957)). Relatedly, it will be assumed here that the allegations of Complaint ¶¶ 3 and 5 satisfy not only the statutory venue requirements under Section 1391(c) but also, given modern marketing

---

[1] That delivery was accompanied by a $100 check payable to the "Clerk of the District Court" because it was prompted by a sua sponte memorandum order that had brought counsel's attention to this Court's website requirement based on LR 5.2(f). If it had not been for the procedures adopted by this Court for a periodic review of cases assigned to its calendar, there is no way of knowing when (if ever) this case and its presence on that calendar would otherwise have come to light.

[2] Further references to provisions of Title 28 will take the form "Section --" without a prefatory reference to 28 U.S.C.

practices, the establishment of personal jurisdiction over defendant iRobot Corporation ("iRobot").

That said, however, the institution of this lawsuit in <u>this</u> District Court is troubling. Complaint ¶ 2 identifies Sonic, a limited liability company organized under Delaware law, as the exclusive licensee of the patent in suit, and the further identification of Sonic's principal place of business as being in Wilmington, Delaware appears to suggest (though this Court does not of course have a predicate for an actual factual finding) that its business may be patent litigation and not the business of practicing the art disclosed by the patent itself. By contrast, Complaint ¶ 3 identifies defendant iRobot as headquartered in Bedford, Massachusetts, where it presumably produces the claimed infringing products,[3] while as to its claimed Illinois contacts Complaint ¶ 6 refers only in the most general terms to its advertising through an interactive webpage, coupled with equally amorphous assertions (primarily on information and belief) of infringement through the sale of its products here.

It may perhaps be thought of as flattering for Sonic to have chosen this District as the situs for its lawsuit, possibly prompted by this District Court's recent adoption of an extensive protocol dealing with patent litigation. But that choice may equally well be perceived as a matter of forum shopping, a choice that may be inconvenient for a Massachusetts enterprise compelled to litigate here.

Under the circumstances this Court will not follow its usual practice, applicable to cases newly assigned to its calendar, by setting an initial status date. Instead it will await (1) an early

---

[3] It is relatedly noteworthy that the patent in suit (Complaint Ex. A) identifies the two asserted co-inventors as Massachusetts people. One of those co-inventors, referred to there as assignee of the patent, is specifically recited to be a resident of Sudbury, Massachusetts.

input from Sonic's counsel as to his predicate for viewing this District as the most convenient forum and, more importantly, (2) an early input from iRobot's counsel on the choice-of-forum issue. Because this Court has no information as to how to get in touch with iRobot, Sonic's counsel is ordered to cause a copy of this memorandum order to be transmitted forthwith (a) to iRobot's counsel if known to him or (b), in the absence of such knowledge, to iRobot in the same way that service of process has taken place.

                                                              Milton I. Shadur
                                                           Senior United States District Judge

Date: January 17, 2014