IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **SONIC INDUSTRY, LLC**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 C 9251 |
| | ) | |
| **iROBOT CORPORATION**, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Sonic Industry, LLC ("Sonic") has filed its Response to this Court's January 17, 2014 memorandum order ("Order") that questioned its choice of forum in this judicial district even though neither party to this patent infringement action is sited here in real world terms. For the reasons briefly stated here, this Court would like to hear from defendant iRobot Corporation ("iRobot") as well.

This Court does not need education as to the general portability of patent litigation, as to which anyone who has been involved in such lawsuits knows well that much of the input is documentary and that other aspects of the presentation often come from opinion witnesses who are available for hire, willing to travel to destinations designated by the parties who hire them. But that, which would arguably allow such filings to be made just about anywhere, does not eliminate consideration of the factors encapsulated in 28 U.S.C. § 1404(a) ("Section 1404(a)").

Sonic's Response ¶ 3 (presumably viewed by its counsel as putting its best foot forward, as every good lawyer has learned is an advocate's best strategy) begins this way:

> At the threshold, one of the central reasons for choosing the Northern District of Illinois is the Patent Pilot Project.

But that makes the Pilot Project sound like forum shopping in reverse, in which our District Court is soliciting filings that would not otherwise be tendered here. Rest assured that we federal judges have plenty of business -- after all, we need not order business cards because cases come to us without our invitation. And as for the other reason mentioned in Response ¶ 3 -- Sonic's desire to retain a Chicago law firm -- this Court has often commented in the Section 1404(a) context that "convenience of counsel" is not among the factors made relevant there.

One other factor adverted to in Sonic's footnote 2 is puzzling -- its quotation from Evangelical Lutheran Church in Am. v. Atl. Mut. Ins. Co., 973 F. Supp. 820, 822 (N.D. Ill. 1997) ("a plaintiff's choice of forum is generally granted substantial weight, particularly when the plaintiff resides in the chosen forum and the conduct and events giving rise to the cause of action took place in the selected forum"). That familiar proposition hardly needs support from a 16-plus-year-old nonprecedential source.[1] But more importantly, although the situation here is not the extreme scenario described many years ago in Chicago, Rock Island & Pac. R.R. v. Igoe, 220 F. 3d 299 (7th Cir. 1955), where the lawsuit had no arguable connection at all with the forum, the quoted language simply does not fit this case.[2]

---

[1] This is not said in any pejorative sense. This Court and its colleagues are frequently reminded by our Court of Appeals (and properly) that we district judges do not make precedent -- and for what it's worth, this Court has often used virtually the identical language in its own opinions.

[2] Indeed, what makes counsel's choice of the Evangelical Lutheran Church case particularly puzzling is that the quoted language is followed by this statement (973 F. Supp. at 922):

> [W]hen the events giving rise to the cause of action took place elsewhere, the weight granted to the plaintiffs' choice of forum is diminished significantly.

Again in real-world terms, that limitation is in play here.

This memorandum has probably gone on at greater length than it should, because the basic point is that the arguments advanced by Sonic's counsel are pretty much makeweight at best. Suffice it say that input from iRobot would be most useful in this Court's decision as to retention or nonretention of the case, so that no action will be taken pending receipt of that input.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 31, 2014