# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SONIC INDUSTRY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 13 C 9251 |
| | ) |
| iROBOT CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

iRobot Corporation ("iRobot") has filed its Answer and Affirmative Defenses to the patent infringement complaint brought against it by Sonic Industry, LLC ("Sonic"). This memorandum order is issued sua sponte because of some problematic aspects of that responsive pleading.

To begin with, iRobot has regularly coupled its invocation of the disclaimer made available under appropriate circumstances by Fed. R. Civ. P. ("Rule") 8(b)(5) with the language "and, therefore, denies those allegations" (see Answer ¶¶ 1, 2 and 8). But it is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation, then proceed to deny it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

iRobot's other flaws lie within the laundry list of no fewer than 10 claimed affirmative defenses ("ADs") that follow the Answer itself. In general iRobot's counsel would do well to read and absorb App'x ¶ 5 to this Court's opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001), as well as to a review of Rule 8(c) and of the caselaw applying it. But here are the particulars:

1.      AD 1 commits the cardinal sin for AD purposes of not crediting the well-pleaded allegations of Sonic's Complaint, -- in this instance Complaint ¶ 6.  Accordingly AD 1 is stricken.

2.      AD 2 does not suffer from the same defect, but it fails to satisfy the concept of  notice pleading (incumbent on defendants as well as plaintiffs) because it is totally vague.  It too is stricken, but this time without prejudice to iRobot's advancing a claim of the patent's invalidity in more particularized and fleshed-out form, so that Sonic's counsel and this Court can determine where and in what manner the patent assertedly "fail[s] to satisfy the conditions for patentability specified by Title 35 of the United States Code."

3.      Like AD 1, AD 3 fails to credit5 Sonic's allegations as gospel.  It too is stricken.

4.      Because nothing in Sonic's Complaint identifies the alleged dates of infringement, ADs 4 and 5 are appropriate and may be retained in the Answer.

5,      AD 6 suffers from the same problem that is posed by AD 2.  It is also stricken, subject to possible reassertion if and when the problem identified as to AD 2 is cured.

6.      ADs 7 through 9 may remain in the case.

7.      AD 10 is mysterious and requires fleshing out to be assertable. Accordingly it is also stricken for the present.

Milton I. Shadur
Senior United States District Judge

February 28, 2014